

**U.S. Department of Justice**

Civil Division, Appellate Staff

950 Pennsylvania Ave. NW

Washington, DC 20530

_____

Tel: (202) 616-5446

March 27, 2026

**Via CM/ECF**

Clifton Cislak, Clerk

U.S. Court of Appeals for the D.C. Circuit

E. Barrett Prettyman U.S. Courthouse

333 Constitution Ave., NW

Washington, DC 20001

>  RE:  *National Council of Nonprofits v. Office of Management and Budget*, No. 25-5148 (argument held February 6, 2026)

Dear Mr. Cislak:

Plaintiffs' March 18 letter mistakenly suggests that *New York v. Trump*, --- F.4th ---, Nos. 25-1236, 25-1413, 2026 WL 734941 (1st Cir. Mar. 16, 2026), should influence the outcome here. There, the First Circuit upheld portions of a preliminary injunction in an action brought by States against the Office of Management and Budget (OMB) and nearly two dozen agencies challenging "agency-wide, categorical funding freezes allegedly implemented" at OMB's direction. *Id.* at \*9. The First Circuit's decision was premised on its view that the States were entitled to challenge federal funding freezes by the numerous defendant agencies in that case. In the context of that broad challenge, the First Circuit was unpersuaded that "the OMB Memorandum's rescission caused the governmental action that the States [we]re challenging to cease." *Id.* at \*7.

While the government disagrees with the First Circuit's conclusion that each defendant agency in that case had taken a final action properly subject to challenge, for present purposes it suffices to

note that plaintiffs here have not purported to challenge any such actions. Instead, plaintiffs' complaint identified the OMB Memorandum as the "final agency action," J.A. 22; named OMB and the OMB Director as defendants, J.A. 16; brought claims against the Memorandum, J.A. 27-30; and sought relief to bar its enforcement, J.A. 30-31. The First Circuit's analysis of other ostensible final agency actions has no bearing on the government's argument that plaintiffs' challenge here is moot. *See* Opening Br. 12-18; Reply Br. 2-7.

The First Circuit's other rulings in *New York* are similarly inapposite. The court's rejection of the premise "that the States challenge[d] only the OMB Memorandum" was "significant" to its conclusion that the challenged agency actions were likely arbitrary and capricious. *New York*, 2026 WL 734941, at *11-12. The court's assessment of the equities emphasized the perceived likelihood that the States would "succeed on the merits" of their claims regarding "the categorical freeze." *Id.* at *14-16. *New York* does not demonstrate the propriety of injunctive relief in this challenge to the OMB Memorandum alone, much less relief that goes beyond resolving the specific controversy over that Memorandum.

Sincerely,

Daniel Tenny
Sean R. Janda

*/s/ Brian J. Springer*
Brian J. Springer
Attorneys

cc:    All counsel (via CM/ECF)

2

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 350 words.

/s/ *Brian J. Springer*
BRIAN J. SPRINGER

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

/s/ *Brian J. Springer*
BRIAN J. SPRINGER